UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD BRANDT, | ) CASE NO. 05-MJ-186 |
| Petitioner, | ) |
| v. | ) SHOW CAUSE ORDER RE: |
| | ) MOTION FOR RETURN |
| UNITED STATES OF AMERICA, | ) OF PROPERTY |
| Respondent. | ) |

On April 20, 2005, the Court issued a search warrant that permitted federal agents to search for and seize certain property belonging to petitioner. Dkt. No. 1. Federal agents subsequently seized various property from petitioner in connection with their investigation. Dkt. No. 2. Nevertheless, an information or indictment has not yet been filed against petitioner.

On June 2, 2005, petitioner filed a motion for return of property, Dkt. No 4, in connection with the above-referenced warrant. Petitioner relies on Revised Code of Washington § 10.79.040 and Washington Criminal Rules 2.2 and 2.3 to argue that the search warrant was "unlawful" because it was issued prior to the filing of any complaint. Dkt. Nos. 4, 7. Respondent argues that the warrant was properly obtained and executed, that plaintiff improperly relies on state law, and that petitioner's motion should therefore be denied, without addressing reasons regarding the continued need to hold items seized. Dkt. No. 5.

SHOW CAUSE ORDER RE:
MOTION FOR RETURN OF PROPERTY
PAGE -1

01    Having reviewed the parties' pleadings, supporting materials, and the available record,
02 the Court ORDERS as follows:

03    (1)    Respondent is ordered to SHOW CAUSE as to why it must retain the seized
04 property and why petitioner's motion for return of property should be denied.

05    The Federal Rules of Criminal Procedure govern criminal proceedings brought in
06 federal court. Federal Rule of Criminal Procedure 41(g) enables "[a] person aggrieved by an
07 unlawful search and seizure of property or by the depravation of property" to move the Court
08 of the district in which the property was seized for a return of it. Fed. R. Crim. P. 41(g).
09 Although Rule 41(g) is ordinarily used to seek return of property after an indictment is issued,
10 the Court may also consider motions to return property seized by the government before any
11 criminal charges have been brought against the movant. *United States v. Kama*, 394 F.3d
12 1236, 1238 (9th Cir. 2005) (citing *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir.1993)
13 (construing former Rule 41(e)).

14    Rule 41(g) motions are considered civil equitable proceedings and therefore require the
15 Court to exercise "caution and restraint" before assuming jurisdiction. *Kama*, 394 F.3d at
16 1238. Before the Court can consider the merits of a pre-indictment Rule 41(g) motion, it
17 must consider whether: " (1) the Government displayed a callous disregard for the
18 constitutional rights of the movant; (2) the movant has an individual interest in and need for the
19 property he wants returned; (3) the movant would be irreparably injured by denying return of
20 the property; and (4) the movant has an adequate remedy at law for the redress of his
21 grievance." *Id.* (internal citations omitted). Only when the balance of these factors weighs in
22 favor of the movant may the Court exercise its equitable jurisdiction to examine the merits of
23 the motion. *Id.*

24    Once a Court determines that the merits can be reached, the petitioner must then make
25 a "minimal showing" that he is entitled to lawful possession in order to shift the burden to the
26

government to demonstrate that it has a legitimate reason for retaining the seized property. *See U.S. v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987); *Ramsden*, 2 F.3d at 324-26, and notes 4, 5. The motion may then be properly denied if "the defendant is not entitled to possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). The government's need for the evidence in an ongoing investigation or prosecution will satisfy this burden, but if the government's interest in the property can be satisfied and the property returned, returning the property is not improper. *Ramsden*, 2 F.3d at 326.

      As to the first factor in determining whether the Court should exercise its equitable jurisdiction to examine the merits of the dispute, there is no evidence that petitioner's constitutional rights were violated, let alone that the Government "displayed a callous disregard" for those rights. To the contrary, the Court found probable cause and issued a valid search warrant, which is precisely what the Constitution requires. *Compare Ramsden*, 2 F.3d at 325 (finding callous disregard where the government failed to obtain a valid search warrant).

      As to the second factor, the fact that plaintiff has filed this motion is evidence, to some degree, that petitioner has an individual interest in and "need" for the property seized. Additionally, the terms of the warrant and inventory of items seized suggests that the bulk of the property was for use in petitioner's business. Petitioner can therefore be fairly considered to have an interest in and need for the property. *Ramsden*, 2 F.3d at 325-26 (finding that an individual interest in and need for documents was established by fact they were necessary to run a business). With respect to the third factor, however, the petitioner has not set forth in any detail how continued deprivation of the property will cause him irreparable injury. *Id.* (finding that loss of business papers alone did not show irreparable harm). Nevertheless, as

indicated above, it appears that some of the items seized may relate to petitioner's business.

Finally, it does not appear that petitioner will have an adequate remedy at law. Generally, a defendant's chief remedy at law for illegal searches and seizures is a motion to suppress or similar motion to exclude the seized evidence. But where, as here, no charges have been filed, no meaningful remedy at law is available. *See Ramsden*, 2 F.3d at 326. Moreover, a civil suit would not likely result in the return of the property. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971) (holding that money damages are an appropriate remedy for federal agents' violation of the Fourth Amendment). In this case, the balance of equities slightly favors petitioner. Given the potential importance of the property to petitioner and the failure of respondent to address why it needs to continue to hold the seized evidence, Court shall exercise its jurisdiction and consider the merits of the motion.

Turning to the merits, petitioner has made the "minimal showing" that he is entitled to possession of the seized property. The burden therefore shifts to the government to demonstrate why it must retain the property. It is unclear, from the response filed by respondent, whether an investigation is still pending against petitioner, whether any of the items seized are contraband, or whether the government has other legitimate reasons for retaining the property. Moreover, it appears from the search inventory that many of the seized items are paper and electronic files and records that could easily be copied and returned to petitioner. Hence, respondent is ordered to show cause to demonstrate that it has a legitimate reason for retaining the seized property.

(2)   Respondent shall have fourteen (14) days from the date of this Order to respond.

(3)   The Clerk is directed to send copies of this Order to petitioner, and to respondent.

SHOW CAUSE ORDER RE:
MOTION FOR RETURN OF PROPERTY
PAGE -4

DATED this 22nd day of June, 2005.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge