UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DONALD BRANDT, | ) | CASE NO. 05-MJ-186-JPD-2 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER DENYING MOTION |
| | ) | FOR RETURN OF PROPERTY |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 20, 2005, the Court issued a search warrant that permitted federal agents to search for and seize certain property belonging to petitioner. Dkt. No. 1. Federal agents subsequently seized various property from petitioner in connection with their investigation. Dkt. No. 2. Nevertheless, an information or indictment has not yet been filed against petitioner.

On June 2, 2005, petitioner filed a motion for return of property, Dkt. No 4, in connection with the above-referenced warrant. The Court then issued a show cause order directing the government to demonstrate why the seized property should not be returned to petitioner. Dkt. No. 8. Having reviewed the parties' pleadings, supporting materials, and the available record, the Court ORDERS as follows:

(1) Petitioner's motion for return of property. Dkt. No. 4, is DENIED. Federal Rule of Criminal Procedure 41(g) enables "[a] person aggrieved by an unlawful search and

ORDER DENYING
MOTION FOR RETURN OF PROPERTY
PAGE -1

seizure of property or by the depravation of property" to move the Court of the district in which the property was seized for a return of it. Fed. R. Crim. P. 41(g). To prevail on a motion for return of property, the petitioner bears the burden of proving that he is entitled to lawful possession of the property. *See U.S. v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). The motion may be denied if "the defendant is not entitled to possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *U. S. v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993); *see also U.S. v. Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1987).

Here, petitioner has failed to demonstrate he is entitled to lawful possession of the seized goods. Pursuant to a lawful search warrant issued by this Court, the government seized rife machines and components thereof, currency, vehicle titles, business records, and bank records from petitioner. Dkt. Nos. 9, 10. These items were all seized in connection with ongoing investigations by the Federal Food and Drug Administration and Washington State Department of Health into petitioner's business, which involves the use of rife machines to cure disease. Dkt. No. 10. Rife machines, however, have not been approved for use in this country and are therefore contraband. *See* Dkt. No. 10.

Moreover, the government has shown that the federal and state investigations into petitioner's activities are continuing and that the seized property is necessary for the government to proceed with its investigation. Dkt. No. 9. It has also indicated that the property will be "essential evidence at trial" if and when charges are filed. Dkt. Nos. 9, 10. Additionally, the government intends to initiate forfeiture proceedings with respect to the cash and vehicle titles. *Id.* Thus, petitioner has not demonstrated that he is entitled to lawful possession of the seized property, that the property is not contraband or subject to forfeiture, or the government's need for the property as evidence does not continue. The motion must therefore be denied.

01         (2)    The government, however, has proposed to allow petitioner to copy any of the
02 seized business records, patient files, tapes, and bank records at his own expense. Dkt. No. 9.
03 Petitioner is directed to contact Agent Jim A. Burkhardt of the Food and Drug Administration
04 to inform him as to whether he wishes to copy any of that property.
05         (3)    The Clerk is directed to send copies of this Order to petitioner, and to counsel
06 for respondent.
07         DATED this 11th day of July, 2005.

                                              /s/ James P. Donohue
                                              JAMES P. DONOHUE
                                              United States Magistrate Judge

ORDER DENYING
MOTION FOR RETURN OF PROPERTY
PAGE -3